UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIMETRI A. PHELPS ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| ALLIANCE ONE ) | |
| RECEIVABLES MANAGEMENT ) | |
| INC. ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Dimetri A. Phelps, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Dimetri A. Phelps, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendants transact business in this District.

### III. PARTIES

4. Plaintiff, Dimetri A. Phelps, is an adult natural person residing at 355 Old Monroe Road, Bogart, GA 30622. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Alliance One Receivables Management, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Georgia with a principal place of business located at 4850 E. Street Road, Ste. 300, Feasterville Trevose, PA 19053-6643.

6. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants regularly attempts to collect consumer debts alleged to be due to another. Defendant, Alliance One Receivables Management, Inc. is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff started to receive calls from Defendant in or around April, 2010, in regards to an alleged debt owed to Credit First for approximately $1,535.36.

8. Plaintiff informed the Defendant at that time that he had engaged the services of the law firm Persels & Associates, LLC to help him resolve his unsecured debt and that they should contact this firm directly.

9. On or about April 28, 2010, Persels sent a "cease and desist" letter to the Defendant which also informed them that collection efforts would be futile since the Plaintiff's only source of income was Social Security. **See Exhibit "A" (letter) attached hereto.**

10. Plaintiff continued to receive calls looking for payment on the above referenced debt throughout the months of May and June, 2010.

11. Defendant and their agents refused to work with Persels, insisting that the Plaintiff work with them directly to pay off this account.

12. On or about June 23, 2010, Plaintiff received an invoice from Defendant that was both intimidating and deceptive in stating that "this bill was not going away" and that the Plaintiff needed to pay the full amount due to avoid further steps to enforce collection. **See Exhibit "B" (invoice) attached hereto.**

13. Plaintiff continues to receive calls from Defendant and their agents. Out of stress and fear of their constant badgering the Plaintiff has stopped answering their calls.

14. On or about July 9, 2010, Persels sent a second "cease and desist" letter to the Defendant reminding them again that their records should reflect their firm as the sole contact on this account. **See Exhibit "C" (letter) attached hereto.**

15. Plaintiff continues to receive calls from Defendant collecting on this account.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

|  |  |
|---|---|
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Alliance One Receivables Management, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                          **Respectfully submitted,**

                                          **WARREN & VULLINGS, LLP**

**Date: August 4, 2010**                 **BY:**   */s/ Bruce K. Warren BKW4066*
                                                    Bruce K. Warren, Esquire


                                                      */s/ Brent F. Vullings BFV8435*
                                                      Brent F. Vullings, Esquire

                                                      Warren & Vullings, LLP
                                                      1603 Rhawn Street
                                                      Philadelphia, PA  19111
                                                      215-745-9800   Fax 215-745-7880
                                                      Attorneys for Plaintiff